UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS MIRANDA,<br><br>*Plaintiff*,<br><br>v.<br><br>MAXCARE, INC. and TALAL ABDALLA,<br><br>*Defendants*. | Civil No.: 22-cv-5412 (KSH) (CLW)<br><br><br><br>**ORDER** |

**THIS MATTER** comes before the Court on plaintiff Carlos Miranda's motion (D.E. 8) for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against defendants Maxcare, Inc. and Talal Abdalla ("defendants"). By way of background, from 2017 through April 2022, Miranda was a driver for Maxcare, which provides non-emergency medical transportation services to dialysis patients. (D.E. 1, Compl. ¶¶ 18-19, 39, 50.) Miranda claims that he routinely worked over 40 hours per week and was either paid "straight time pay" of $12 per hour or a flat rate of $100 per day, irrespective of actual hours worked. (*Id.* ¶¶ 22-27.) He claims that Abdalla, Maxcare's owner, fired him after he refused to drive an unsafe van and objected to Abdalla's attempts to force him to do so. (*Id.* ¶¶ 5, 59-76.)

On September 6, 2022, Miranda filed a four-count complaint against defendants for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count 1) and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.* (Count 2); failure to pay minimum wages in violation of the NJWHL (Count 3); and retaliatory discharge in violation of the New Jersey Conscientious Employee Protection Act ("NJCEPA"), N.J.S.A. § 34:19-1, *et seq.* (Count 4). Miranda has now moved for default judgment against defendants, relying on an approximately three-page long brief (Mov. Br.) and a declaration of counsel (Groh Decl.) which purports to provide support for the damages sought. (D.E. 8.) In

1

his counseled submission, Miranda seeks a judgment in the amount of $133,384.21, representing $36,604.82 in unpaid minimum wages and overtime compensation under the NJWHL; $73,209.64 in NJWHL treble damages; $17,700 in back pay under the NJCEPA; and $5,869.75 in attorneys' fees and costs pursuant to the FLSA, the NJWHL, and the NJCEPA. (Groh Decl. ¶¶ 5(a)-(f).) He also seeks compensatory and punitive damages under the NJCEPA in an amount to be determined by the Court for the "emotional distress and humiliation [d]efendants caused [Miranda] through their reckless indifference to his civil rights." (*Id.* ¶ 5(g).)[1]

The Court may enter default judgment against properly served defendants who do not file a timely responsive pleading. *See* Fed. R. Civ. P. 55(b)(2). "Entry of default judgment is left to the district court's discretion." *SMP Properties, LLC v. Encore Realty, LLC*, 2023 WL 2812538, at *1 (D.N.J. Apr. 6, 2023) (Shipp, J.). "This discretion is not without limits, however," and it is preferred that "cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Accordingly, before entering default judgment, the Court must determine "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Mycone Dental Supply Co., Inc. v. Generic Mfg. Corp.*, 2023 WL 3742827, at *2 (D.N.J. May 31, 2023) (Bumb, J.) (quoting *Interstate Realty Mgmt. Co. v. PF Holdings, LLC*, 2017 WL 53707, at *1 (D.N.J. Jan. 4, 2017) (Simandle, J.)). In determining whether default judgment is proper, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party

---

[1] Counsel's submission alternatively requests a hearing on damages should the Court require additional proof regarding "the nature and extent" of Miranda's damages. (Mov. Br. at 3.)

2

subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Counsel's submission fails at each step of the inquiry.  As for the threshold requirements for entry of default judgment, counsel has not addressed subject matter or personal jurisdiction in his moving brief.  Additionally, although counsel indicates in a barebones fashion that defendants were personally served on October 21, 2022 (Mov. Br. at 1), he has not demonstrated that service on each defendant was proper under Fed. R. Civ. P. 4 or N.J. Ct. R. 4:4-4.[2]  Moreover, counsel has not stated the *prima facie* elements of Miranda's FLSA, NJWHL, and NJCEPA claims; nor has counsel articulated how the facts pled in the complaint constitute legitimate causes of action under each statutory framework.  Finally, the moving brief does not address prejudice, culpability, or meritorious defenses, which hinders the Court's ability to "make explicit factual findings" on those issues as required by the Third Circuit.[3]  *See Emcasco Ins. Co.*, 834 F.2d at 74.

Even if the Court could exercise its discretion to enter default judgment in Miranda's favor, the Court would deny his request for damages because of the following deficiencies in counsel's moving papers:

---

[2] From the record, the Court is not convinced that service on both defendants was proper. According to the certificates of service filed on the docket, both Maxcare and Abdalla were served through a process server at Maxcare's registered office address in East Orange, New Jersey, and service was effectuated on "Charles Taore, Person in Charge." (D.E. 4, 6.) Although New Jersey rules provide for service on a corporation through "a person at the registered office of the corporation in charge thereof," N.J. Ct. R. 4:4-4(a)(6), the same is not true for individuals. *See* N.J. Ct. R. 4:4-4(a)(1) (allowing for service on individual by delivering complaint to "the individual personally," leaving a copy at the individual's "dwelling place or usual place of abode with a competent member of the household," or delivering a copy to a person "authorized by appointment or by law" to accept service on the individual's behalf); *accord* Fed. R. Civ. P. 4(e).

[3] The moving brief is also noncompliant with L. Civ. R. 7.2(b), which requires briefs to include both a table of contents and a table of authorities.

3

- Miranda relies solely on a declaration of counsel to support his damages calculations.[4] However, any request for damages relating to overtime compensation, minimum wages, back pay, and emotional distress must be supported with an affidavit not authored by Miranda's attorney, but attested to by Miranda as the individual who can provide a factual basis for, *inter alia*, the length of his employment with Maxcare, his work schedule and rates of pay, his efforts to obtain new employment following his termination, and the alleged emotional harm he suffered as a result of defendants' conduct.

- Although a declaration of counsel is the proper medium to support a request for attorneys' fees and costs, the Groh declaration is insufficient in several respects. The Court analyzes a party's entitlement to attorneys' fees using the lodestar method, which "requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248, at *4 (D.N.J. Oct. 21, 2016) (Arleo, J.) (awarding attorneys' fees on default judgment motion in FLSA case). Here, counsel states in a barebones fashion that he performed 16.33 hours of work but has not attached billing entries to his declaration, let alone indicated the type of work he performed or the amount of time he spent performing each task. The declaration also does not provide any authority to support counsel's position that the rate charged—namely, $325/hour—is reasonable in comparison to prevailing market rates. (*See* Groh Decl. ¶ 5(f).) Accordingly, counsel's submission fails to demonstrate that Miranda's request for fees is reasonable. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (burden of proving reasonableness of fee lies with moving party).

---

[4] The complaint alleges that defendants "unlawfully failed to track, record, and report all the hours worked by [Miranda]" in violation of the FLSA and the NJWHL. (*See* Compl. ¶ 51.)

4

- Counsel claims that Miranda is "entitled" to interest on the judgment as well as compensatory and punitive damages under the NJCEPA for "emotional distress and humiliation" (*see* Groh Decl. ¶¶ 5(g)-(h)), yet has provided the Court with no authority to support either request. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.) (on default judgment motion, "[t]he Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages").

\* \* \*

In light of the foregoing, the Court cannot enter default judgment in Miranda's favor. Therefore, it is on this 15th day of August, 2023,

**ORDERED** that Miranda's motion for default judgment (D.E. 8) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that no later than 30 days from the entry of this order, counsel may file a renewed, properly supported motion for default judgment that sufficiently addresses the matters identified herein.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

5